Filed 9/13/22  P. v. Dunne CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY CHARLES DUNNE,<br><br>    Defendant and Appellant. | C095149<br><br>(Super. Ct. No. 18FE016921) |

A jury found defendant Anthony Charles Dunne guilty of attempted premeditated murder after he attacked a massage therapist who rebuffed his romantic advances.  The trial court excluded a detective's lay opinion testimony that defendant was the assailant recorded in surveillance videos.  Instead, the court, with defense counsel's assent, allowed the detective to testify to the jury about common observable physical traits shared by defendant and the suspect.  Defendant now contends that the court, in doing so, abused its discretion and denied him due process.  The People argue defendant forfeited

1

these meritless claims. Agreeing defendant's claims are forfeited, we affirm the judgment.

## BACKGROUND

Y.Z. gave a man she knew as "Tony" a massage at her massage parlor and he asked her out on a date. She agreed, initially, but two days later told him in a text message she did not want to go out with him. Tony replied by calling her a "prostitute." Later that day, a man entered the massage parlor and beat and knifed Y.Z., wounding her severely. Y.Z. told police she thought Tony was the attacker and provided a description of him.

After reviewing surveillance videos, Detective Nick Sheehan concluded Tony was the attacker, based on common physical characteristics and the car he drove. Sheehan later spotted a similar car and recognized the driver as Tony. A records check led to defendant,[1] who was charged with attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 664, 187, subd. (a));[2] personally inflicting great bodily injury (§ 12022.7, subd. (a)); personally using a deadly or dangerous weapon, a stabbing instrument (§ 12022, subd. (b)(1)); and having a strike prior and prison prior (§§ 667, subds. (b)-(i), 1170.12) for shooting at an occupied house. (§ 246.)

Defense counsel moved in limine to exclude Sheehan's lay opinion identification of defendant, arguing the officer's testimony regarding the videos was unhelpful to the jury and unduly prejudicial. (Evid. Code, §§ 352, 800.) The court clarified defense counsel's stance:

---

[1]     Y.Z. was unable to pick defendant out of a photographic lineup, but a former employer of defendant recognized him from images taken from the surveillance videos. The prosecutor asserted the employer was unwilling to testify based on a concern for his safety.

[2]     Undesignated statutory references are to the Penal Code.

2

"THE COURT: . . . [Y]ou're objecting to the conclusion that that is [defendant], but not objecting to him that he describes, hey, the video, this matches this, I notice this matches—and then have the jury decide whether that identification—

"[DEFENSE COUNSEL]: Correct.

"THE COURT: —but not have him make that last statement that that is, in fact, him.

"[DEFENSE COUNSEL]: That's correct, that ultimately goes to the jury; right? The jury makes that decision."

The trial court, apparently with this distinction in mind, excluded "Detective Sheehan's lay opinion testimony on the stand that the defendant is the subject in the video." But, the court concluded, "The fact that Detective Sheehan recognized the defendant driving the car, and subsequently investigated and arrested that person, is relevant investigation and not excluded." The court thus allowed Sheehan to identify the observable similarities shared by Tony, the attacker, and the driver of the car Sheehan later spotted. "Detective Sheehan can point out all of the consistent characteristics between the subject [in the videos] and the defendant, and then it can be argued that the defendant is that guy." No objection was raised.

During Sheehan's trial testimony, Sheehan guided the jury through the videos of Tony and the attacker, pointing out salient commonalities, including their physical appearance, sleeve tattoo, attire, large watch, and car. When the prosecutor asked Sheehan if the subjects were "the same person," defense counsel objected, stating, "I think ultimately the jury gets to make that determination, not this detective," and the court sustained the objection. The prosecutor instead asked Sheehan to detail the subjects' physical "descriptors." Both were African-American, in their mid-forties, had "similar facial features," the "same kind of gait," "very consistent" height, "[t]he same" weight and hair, and a "very identical" body type. No objection was raised. Sheehan

later recounted how, based on the same descriptors, he recognized defendant driving a car resembling the one depicted in the videos. Again, no objection was raised.

The jury found defendant guilty as charged. He was sentenced to 14 years to life plus nine years.

DISCUSSION

Defendant contends the trial court abused its discretion and denied him due process by allowing what functionally amounted to lay opinion identification testimony after ruling such testimony inadmissible.

We agree with the People that defendant has forfeited his contentions by assenting to the trial court's decision to allow Sheehan to point out the consistent characteristics between the subjects in the videos and defendant. (See *People v. Bradley* (2012) 208 Cal.App.4th 64, 83 ["Appellants waived the claim of error . . . by failing to object on the ground their [witness] testimony would constitute improper lay opinion"]; *People v. Mitchell* (2008) 164 Cal.App.4th 442, 465 [forfeiture rule applies to claimed violations of constitutional rights and to asserted state law errors].) Defendant argues that his motion to exclude Sheehan's lay opinion identification testimony encompasses the testimony he now seeks to challenge. This assertion is belied by the record. During the in limine proceedings, the court specifically clarified that defendant's objection was to Sheehan opining defendant was the person in the videos, as opposed to identifying their matching characteristics. The court fashioned its ruling in view of this distinction. That defense counsel understood and accepted this distinction is further demonstrated by her objection to Sheehan being asked whether the subjects were the "same person," but not to whether they shared the same "descriptors." Defendant cannot now claim the distinction was without a difference.

Nor can defendant assert for the first time in his reply brief that the forfeiture was the result of counsel's ineffectiveness. When a defendant raises an issue for the first time in a reply brief, we generally decline to address the issue. (See *People v. Duff* (2014) 58

4

Cal.4th 527, 550, fn. 9 [claim of ineffective assistance of counsel raised by defendant for the first time in reply brief is forfeited]; *People v. Harris* (2008) 43 Cal.4th 1269, 1290 [defendant's claim of ineffective assistance of counsel for failure to object to prosecutor's argument, made for first time in reply brief in response to waiver argument, "is as meritless as it is belated"].)  Defendant does not even attempt to show good cause for his failure to raise this issue in his opening brief.  We therefore decline to exercise our discretion to reach the merits.

DISPOSITION

The judgment is affirmed.


                                             KRAUSE            , J.



We concur:



    HULL            , Acting P. J.



    BOULWARE EURIE  , J.


5